WATERMAN, Justice (concurring in part and dissenting in part).
I join most of the court's opinion but concur only in the result for parts IV and VI. I join parts II and III of Justice Mansfield's concurrence in part and dissent in part. I write separately to reiterate my call to expressly overrule Racing Ass'n of Central Iowa v. Fitzgerald (RACI II ), 675 N.W.2d 1 (Iowa 2004).[13]
I am unable to join part IV because it embraces RACI II , a precedent that is plainly erroneous. The RACI II majority, purporting to apply the federal rational basis test, held that a tax differential for land-based and riverboat casino slot machine revenue violated the equal protection clause of the Iowa Constitution on remand after the unanimous United States Supreme Court held the differential did not violate the Federal Equal Protection Clause. 675 N.W.2d at 3. The RACI II majority thereby essentially took the position that the nine Justices of the United States Supreme Court were irrational in applying the same rational basis test in the same case, despite the well-settled and long-standing tradition of judicial deference to legislative classifications. RACI II was wrongly decided for the reasons set forth in the eloquent separate dissents by Justices Carter and Cady. See id. at 16-17 (Carter, J., dissenting); id. at 17-28 (Cady, J., dissenting); see also Fitzgerald v. Racing Ass'n of Cent. Iowa , 539 U.S. 103, 110, 123 S.Ct. 2156, 2161, 156 L.Ed.2d 97 (2003) (reversing RACI I on federal equal protection grounds); Racing Ass'n of Cent. Iowa v. Fitzgerald (RACI I ), 648 N.W.2d 555, 563-64 (Iowa 2002) (Neuman, J., dissenting, joined by Carter and Cady, JJ.).
RACI II , as a practical matter, has been limited to its facts. We have never relied on RACI II to strike down another municipal or state legislative enactment. Yet members of this court persist in citing RACI II for the view that courts can apply "rational basis with teeth" to declare unconstitutional legislative enactments that do not involve fundamental rights or a protected class. The court's dicta today suggests that litigants can mount evidentiary challenges to ATE ordinances or other laws and that judges can then weigh the "evidence" to strike down a duly enacted *579 law as unconstitutional. In my view, that use of RACI II is antidemocratic and contrary to basic principles of self-government. See Honomichl v. Valley View Swine, LLC , 914 N.W.2d 223, 240 (Iowa 2018) (Waterman, J., concurring) ("We need to be cognizant of the right of Iowans to govern themselves through laws passed by their chosen representatives, a right recognized explicitly in article I, section 2 [of the Iowa Constitution]."). The elected branches are accountable to voters.[14] Judges, applying rational basis review to a record made by litigants, should not override legislative policy choices and classifications as irrational.

I called for overruling RACI II in Qwest Corp. v. Iowa State Board of Tax Review , 829 N.W.2d 550, 566 (Iowa 2013) (Waterman, J., concurring), and in King v. State , 818 N.W.2d 1, 43 n.28 (Iowa 2012) (Waterman, J., concurring).

The Iowa legislature is free to ban the use of ATE equipment such as speed cameras or red-light cameras. Most Iowa cities have chosen not to implement ATE ordinances.